United States District Court
Southern District of Texas
**ENTERED**
October 11, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINCY DESHAN BUTLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-1107 |
| | § | |
| LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 11) in which Respondent seeks dismissal of this § 2254 proceeding for lack of jurisdiction. Having considered Respondent's Motion for Summary Judgment, Petitioner's response in opposition (Document No. 16), the claims and allegations raised by Petitioner in his § 2254 Application (Document No. 1), the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 11) be GRANTED, and that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE.

### I. Introduction and Procedural History

Petitioner Quincy Deshan Butler ("Butler") filed this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 on or about April 7, 2017, challenging a 2007 state court conviction

for possession of a controlled substance in the 263rd District Court of Harris County, Texas, cause no. 1090275.[1] Butler was charged by indictment with that offense on January 9, 2007, pled guilty on June 15, 2007, and was sentenced to four (4) years incarceration. He did not appeal, and his sentence was, according to the affidavit of Donald Cohn, an investigatory with the Harris County District Attorney's Office, discharged on October 25, 2010 (Document No. 106- at 47), well before this § 2254 proceeding was filed. As such, Butler is not "in custody" on the conviction he seeks to challenge herein.

Butler is, however, currently in custody on three 2013 convictions arising out of a May 11, 2011, incident, in which Butler shot through a door at his then-girlfriend, fled the scene and was involved in a high speed chase with police, and was, upon apprehension, found to be possession of a controlled substance: a November 1, 2013 conviction for engaging in deadly conduct by discharging a firearm in the 272nd District Court of Brazos County, Texas, cause no. 12-00472-CRF-272, for which Butler was sentenced, upon the jury's true finding to the 2007 enhancement conviction alleged in the indictment, to sixty-two (62) years imprisonment; and two August 6, 2013 convictions for evading with a vehicle and possession of a controlled substance in the 506th District Court of Waller County, Texas, cause nos. 12-10-14,234 and 12-10-14,235, for which Butler was sentenced to two concurrent terms of thirteen years imprisonment following his plea of guilty and the State's abandonment of one of the enhancement allegations. Butler appealed his conviction and sentence on the deadly conduct offense arising out of Brazos County, but it does not appear from the

---

[1] Butler claims challenging the validity of the 2007 conviction for possession of a controlled substance are that: (1) he is actually innocent of the possession offense; (2) his trial counsel was ineffective for advising him to plead guilty; and (3) his guilty plea was unknowing and involuntary.

2

record that he appealed his other convictions. With regard to the appeal of his deadly conduct conviction from Brazos County, Texas' Tenth Court of Appeals affirmed that conviction and sentence on January 8, 2015, Butler's petition for discretionary review was refused on April 1, 2015, and the United States Supreme Court later denied Butler's petition for writ of certiorari on October 15, 2015. *Butler v. Texas*, 136 S.Ct. 235 (2015).

Respondent, in the Motion for Summary Judgment, maintains that Butler is not "in custody" on the 2007 state court conviction he seeks to challenge in this § 2254, and therefore the Court does not have jurisdiction to consider Butler's claims. Respondent also argues that to the extent Butler is attempting to challenge his 2013 deadly conduct conviction based on the enhancement of that sentence with the 2007 conviction, Butler has not alleged the type of claim that could survive the Supreme Court's "custody" requirement in *Maleng v. Cook*, 490 U.S. 488, 490-1 (1989) and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-404 (2001). Butler, in response to the Motion for Summary Judgment, argues that he should be able to challenge the validity of the 2007 conviction, which has had collateral consequence for him in terms of the sentences he is serving on subsequent offenses.

**II.     Discussion**

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A jurisdictional prerequisite to relief under § 2254 is that the prisoner be "in custody" on the conviction or sentence he seeks to challenge with

an application for writ of habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 490-1 (1989). While the "in custody" requirement may be met where a habeas petitioner "challenges a conviction used to enhance another conviction for which he is currently in custody," *Thompson v. Collins*, 981 F.2d 259, 261 (5th Cir. 1993), no relief is generally available to a habeas petitioner who challenges the validity of the expired sentence. The Supreme Court made this clear in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-404 (2001):

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. See *Daniels, post*, at 382, 121 S.Ct. 1578. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

The only exception to the rule announced in *Lackawanna* is for challenges to an "enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Lackawanna*, 532 U.S. at 404.

Here, there is no dispute that Butler's 2007 state court conviction for unauthorized use of a motor vehicle has expired and/or been fully discharged. *See* Affidavit of Donald Cohn (Document No. 10-6 at 47). There is also no dispute that Butler was represented by counsel in connection with the 2007 state court conviction for possession of a controlled substance and, in fact, it is Butler's claim herein that his trial counsel was ineffective. Finally, while there is no dispute that Butler is currently in custody on a 2013 conviction which was enhanced by virtue of Butler's 2007 state court conviction for possession of a controlled substance, he is not directly challenging that 2013 conviction herein. As such, based on the Supreme Court's decision in *Lackawanna*, Butler cannot,

through a § 2254 application for writ of habeas corpus, challenge either his 2007 state court conviction for possession of a controlled substance, or the sentence(s) he received on the 2013 deadly conduct conviction. *See e.g. Patton v. State*, No. A-15-CA-607-LY, 2015 WL 5795893 (W.D. Tex. Oct. 2, 2015) (dismissing for lack of jurisdiction petitioner's claims challenging the validity of an expired conviction, which was used to enhance the petitioner's current sentence, and in connection therewith the petitioner had the assistance of counsel).

### III.  Conclusion and Recommendation

Based on the foregoing, and the conclusion that Butler cannot challenge his expired and/or discharged 2007 state court conviction for possession of a controlled substance with a § 2254 application for writ of habeas corpus, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 11) be GRANTED and that Petitioner Quincy Deshan Butler's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass*

*v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 10th day of October, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE